## LARUE *v.* HAMPTON.

Where a party to a written instrument acknowledges therein that certain machinery had
been furnished by the other party, but the acknowledgment does not enumerate the ar-
ticles, parol evidence is admissible to prove what articles were furnished. Such evidence
is merely explanatory of the acknowledgment; and goes neither against nor beyond it.

APPEAL from the District Court of Terrebonne, *Randall*, J.   *Beatty*, for
the plaintiff.   *Cole*, for the appellant.   The judgment of the court was
was pronounced by

Rost, J.   On the 16th of December, 1845, an agreement was entered into
in writing between the plaintiff, *Larue*, and *Hampton*, the defendant, by which
a retrocession was made of certain landed property acquired by *Larue* from
*Hampton*, on which there was a steam-saw mill, which had been destroyed by
fire, while in the possession of *Larue*.   The act states that *Larue* retrocedes to
the defendant the boiler and engine, and all other parts of the machinery pur-
chased of him, which were not destroyed by fire.   The plaintiff reserves the
use of the dwelling house, kitchen and yard till the 1st of March, 1846, and
that of a circular saw mill erected by him on the place, till he could saw the
logs he had, after which he was to surrender the mill to the defendant, *until
he gave him entire possession*, on the 1st of March, 1846.   At the foot of
this agreement is found the following acknowledgment:

" I do acknowledge that on the 1st day of March next, when my lease is out
on the saw mill, that *John Larue* is to have the machinery that he has put to
the saw mill, with the shed, as I shall have no further claim on the same.
[Dated the 7th January, 1846, and signed]              " NOAH HAMPTON."

The plaintiff who has delivered the land now sues for the restitution of the
machinery mentioned in this acknowledgment.

The defence is that the mill was retroceded to the defendant, with the land
on which it is situated; that the paper sued on is no contract, and that imposes
no obligation on the defendant to deliver the machinery to which it refers; that
the defendant never meant to make a donation to the plaintiff.   The District
Court gave judgment for the machinery, and $400 damages.   The defendant
has appealed.

On the trial below, the defendant's counsel took a bill of exceptions to the
opinion of the court allowing the plaintiff to introduce parol evidence to prove
what portion of the machinery had been furnished by him.   This evidence
was properly admitted.   The defendant having acknowledged that a portion of
the machinery had been furnished by the plaintiff, and the acknowledgment

LARUE
v.
HAMPTON.

being silent as to the enumeration of the articles, they could only be ascertained by parol evidence; that evidence is merely explanatory of the acknowledgment, and goes neither against nor beyond it.

On the merits, the judgment is clearly right. The acknowledgment of the defendant explains the previous agreement, and interprets it, as we would have interpreted it, if the acknowledgment had never been made. The evidence in relation to the amount of the damages is conflicting, and we adopt the conclusions of the district judge.

The plaintiff has asked that the judgment be amended and rendered in his favor for the full value of the machinery, instead of the machinery and damages. We believe the judgment as it stands has done justice between the parties. If the plaintiff wished to be indemnified, for the time employed in litigation, he should have asked damages in another form.

*Judgment affirmed.*